**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4148**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALAN SIGFRED ANDERSEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (2:19-cr-00001-BO-1)

Submitted: January 25, 2021                         Decided: February 2, 2021

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Sigfried Andersen pled guilty, pursuant to a written plea agreement, to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[*] The district court sentenced Andersen to 120 months' imprisonment to be followed by a supervised release term of life. On appeal, Andersen raises several challenges to the terms of his supervised release. The Government has moved to dismiss the appeal as barred by the waiver of appellate rights provision in Andersen's plea agreement. For the reasons that follow, we deny the Government's motion to dismiss the appeal, vacate Andersen's sentence, and remand for resentencing.

In its written criminal judgment, the district court added several nonmandatory conditions of supervised release that it had not pronounced at the sentencing hearing. In *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), we held "that all non-mandatory conditions of supervised release must be [orally] announced at a defendant's sentencing hearing." *Id.* at 296. This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. Because the court failed to impose the nonmandatory conditions at sentencing, we conclude that the court erred by including them in the written criminal judgment.

---

[*] We bring to the district court's attention an error in the criminal judgment, which incorrectly lists the statute of conviction as 18 U.S.C. § 2252(a)(4), (b)(2).

2

In addition, we reject the Government's contention that Andersen's waiver of the right to appeal his sentence forecloses his challenge to the nonmandatory conditions of supervised release. Because the district court did not properly impose the contested conditions, they were never part of Andersen's sentence; consequently, his appeal waiver is inapplicable. *See United States v. Singletary*, __ F.3d __, __, No. 19-4381, 2021 WL 97218, at *3-4 (4th Cir. Jan. 12, 2021).

Where, as here, a district court fails to include in its oral pronouncement at the sentencing hearing nonmandatory conditions of supervised release that it subsequently includes in the written judgment, "the remedy . . . is to vacate the sentence and remand for the district court to resentence the defendant." *Id.* at *4. Thus, "[w]e need not and should not proceed to further reach [Andersen's] additional arguments about his prior sentencing or the validity of [nonmandatory conditions of supervised release] to which he was never sentenced." *Id.* at *3.

Accordingly, we deny the Government's motion to dismiss, vacate Andersen's sentence, and remand for further proceedings in light of *Rogers* and *Singletary*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3